IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MILEHAM, | ) |
|     Plaintiff, | ) Civil Action No. |
| v. | ) |
| BOROUGH OF BRIDGEWATER, a municipal corporation, JEREMY CONLEY, an individual, and NATHAN SWIERKOSZ, an individual, | ) |
| | ) JURY TRIAL DEMANDED |
|     Defendants. | ) Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, DAVID MILEHAM, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiff's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3). Supplemental jurisdiction over Plaintiff's state law claim is also proper pursuant to 28 U.S.C.A. § 1367.

4. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

5.      Plaintiff, David Mileham, is an adult individual who resides in Beaver County, Pennsylvania.

6.      Defendant, Borough of Bridgewater ("Bridgewater"), is a Pennsylvania municipal corporation with offices located at 199 Boundary Lane, Bridgewater, Pennsylvania 15009.

7.      Defendant, Jeremy Conley ("Conley"), is a United States citizen. Plaintiff believes, and therefore avers, that Defendant Conley is a resident of Beaver County, Pennsylvania. At all times relevant to this Complaint, Defendant Conley was a law enforcement officer employed by the Borough of Bridgewater, with offices located at 199 Boundary Lane, Bridgewater, Pennsylvania 15009, purporting to act within the full scope of his authority and office, and under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the Borough of Bridgewater.

8.      Plaintiff believes, and therefore avers, that Defendant Conley is now employed by another municipality in Beaver County, Pennsylvania as a law enforcement officer.

9.      Defendant, Nathan Swierkosz ("Swierkosz"), is a United States Citizen.  Plaintiff believes, and therefore avers, that Defendant Swierkosz is a resident of Beaver County, Pennsylvania. At all times relevant to this Complaint, Defendant Swierkosz was a law enforcement officer employed by the Borough of Bridgewater, with offices located at 199 Boundary Lane, Bridgewater, Pennsylvania 15009, purporting to act within the full scope of his authority and office, and under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the Borough of Bridgewater.

## FACTUAL ALLEGATIONS

10.     Plaintiff performs regular maintenance work at Bridgewater Marina and Landings ("Marina"), located at 404 Brkich Way, Bridgewater, Pennsylvania 15009.  The Marina's management allows the Plaintiff to dock his boat at its location.

11.     Plaintiff is permitted access to the Marina, including the Marina's common areas, at all times.  These common areas include, but are not limited to: the parking lot, docks, pavilion, garage and bathrooms.

12.     On or about June 12, 2019, Plaintiff and a guest arrived at the Marina at or around 11:30 p.m. and boarded the Plaintiff's boat.

13.     Shortly thereafter, Plaintiff left his boat and walked to the garage located in the Marina parking lot in order to retrieve a propane lighter.

14.     At that time, Defendant Conley and Defendant Swierkosz approached the Plaintiff in a marked police vehicle in the Marina's parking lot.

15.     Defendants remained in the vehicle while Defendant Conley asked Plaintiff for his name.  Plaintiff complied with Defendant Conley's request and provided the Defendants with his first name.

16.     Defendant Conley then asked for Plaintiff's last name.  Plaintiff did not provide this information to the Defendants and instead walked away from the police vehicle toward the Marina's garage.

17.     Plaintiff retrieved the propane lighter from the Marina's garage, departed the parking lot and boarded his boat.

18.     During the above described interaction, Plaintiff did not act in a dangerous or threatening manner at any time.

19. Shortly thereafter, Defendant Conley and Swierkosz approached the Plaintiff's boat from the dock and boarded the Plaintiff's boat without Plaintiff's permission.

20. Plaintiff informed the Defendants that they were not permitted to be on his boat and requested that the Defendants leave the premises.

21. In response, without provocation or justification, Defendant Conley and/or Defendant Swierkosz deployed a Taser at the Plaintiff wherein one prong entered the Plaintiff's back.

22. Defendant Conley then grabbed the Plaintiff, forcefully pinned the Plaintiff to the floor and handcuffed the Plaintiff.

23. Plaintiff's guest was present on the Plaintiff's boat and witnessed Defendant Conley handcuff the Plaintiff.

24. Thereafter, Defendants moved Plaintiff to the back of Plaintiff's boat. Plaintiff believes, and therefore avers, Defendant Conley and/or Swierkosz tasered the Plaintiff in the back while Plaintiff remained handcuffed.

25. While Plaintiff remained handcuffed, Defendants removed the Plaintiff from his boat and forcefully threw the Plaintiff onto the dock.

26. At that time, without justification or provocation, Defendant Conley struck the Plaintiff in the face with his fist.

27. Defendant Swierkosz observed Defendant Conley's unnecessary and unlawful behavior and took no action to stop him, despite having the opportunity to do so.

28. Thereafter, Defendants Conley and Swierkosz aggressively and unnecessarily dragged the Plaintiff by his arms and legs, severely damaging Plaintiff's shoulders and back.

29. Thereafter, without justification or provocation, Defendant Conley placed his body on top of the Plaintiff.

30. Defendant Conley, without justification or provocation, violently and repeatedly struck the Plaintiff in the face and head with his fists.

31. Again, Defendant Swierkosz observed Defendant Conley's unnecessary and unlawful behavior and took no action to stop him, despite having the opportunity to do so.

32. Plaintiff remained handcuffed and lying down during Defendant Conley's unlawful assault, as described hereinbefore above.

33. During this time, Plaintiff was not a threat to the Defendants and/or any other member of the community.

34. Defendant Conley continued to violently and repeatedly beat the Plaintiff until the Plaintiff lost consciousness.

35. Defendant Swierkosz again observed Defendant Conley's unnecessary and unlawful behavior and took no action to stop him, despite having the opportunity to do so.

36. Defendant Conley's actions, as described hereinbefore above, caused significant injuries and damage to Plaintiff's head, eyes and face.

37. As a direct and proximate result of the Defendants' conduct and Defendant Conley's assault on the Plaintiff, Plaintiff's eyes and face were swollen to the point that the Plaintiff was unable to see for approximately two (2) days thereafter.

38. Furthermore, Plaintiff suffered, and continues to suffer, from numerous ongoing and long-lasting injuries as a direct and proximate result of the Defendants' conduct and Defendant Conley's unlawful assault on the Plaintiff.

39. Plaintiff has actual knowledge of occurrences involving Defendant Conley and other law enforcement officers employed by Defendant Bridgewater that are substantially similar to that of Defendant Conley's illegal and excessive behavior, as described hereinbefore above.

40. Defendant Bridgewater has a duty to properly train, control, discipline and/or supervise its employees, officers and agents, including Defendants Conley and Swierkosz.

41. More specifically, Defendant Bridgewater has a duty to properly train the named Defendants to prevent the use of excessive force.

42. Plaintiff believes, and therefore avers, that Defendant Bridgewater knew, or should have known, that Defendant Conley previously engaged in illegal, aggressive and excessive conduct substantially similar to that described hereinbefore above towards other citizens, which resulted in additional civil rights violations to those citizens.

43. Plaintiff also believes, and therefore avers, that Defendant Bridgewater allowed the named Defendants to engage in a course, pattern, or practice of improper, unlawful and malicious conduct, and that it ratified, endorsed, acquiesced to or approved of the named Defendants' unlawful conduct. In so doing, Defendant Bridgewater failed in its duty to properly train, control, and supervise these Defendants.

## COUNT I:

### PLAINTIFF v. ALL DEFENDANTS

### VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

### EXCESSIVE FORCE

44. Plaintiff incorporates by reference Paragraphs 1 through 43 as though fully set forth at length herein.

45. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against the above-captioned Defendants for violations of Plaintiff's constitutional rights under color of law.

46. At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution, Plaintiff had the right to be free from excessive, unreasonable and unjustified force by the Defendants.

47. Plaintiff believes, and therefore avers, that he was tasered by Defendant Conley and/or Defendant Swierkosz while the Plaintiff was handcuffed.

48. Defendant Conley unlawfully assaulted the Plaintiff while the Plaintiff remained handcuffed, as described more fully hereinbefore above.

49. Defendant Swierkosz observed Defendant Conley's unnecessary and unlawful behavior and failed to intervene. Defendant Swierkosz's failure to intervene caused the Plaintiff further injury.

50. The excessive, unreasonable and unjustified force used by Defendants Conley and/or Swierkosz against the Plaintiff constituted a violation of Plaintiff's rights as guaranteed under the Fourth Amendment to the United States Constitution.

51. At no time during the excessive and illegal conduct by the individual Defendants was the Plaintiff an immediate threat to the safety of the individual Defendants or any other members of the community.

52. At no time were the excessive actions of the individual Defendants reasonable or warranted.

53. Furthermore, the excessive and aggressive actions of individual Defendants directly resulted in the Plaintiff suffering severe and ongoing physical damage. The individual Defendants' illegal and excessive conduct has directly caused the Plaintiff to suffer significant injuries.

54. Defendant Bridgewater had a duty to properly train, control, discipline and/or supervise its agents, including the Defendants. Defendant Bridgewater's failure in that duty directly resulted in Plaintiff's damages.

55. The individual Defendants' actions were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendants to punitive damages.

56. The named Defendants, and each of them, acted under the color of law and their actions constituted an arbitrary and unconscionable abuse of government authority.

57. As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, and each of them, Plaintiff suffered the following injuries and damages:

    a.    violation of Plaintiff's constitutional rights under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution;

    b.    extreme physical pain and suffering;

    c.    fright, horror and shock;

    d.    emotional trauma and suffering; and

    e.    economic damages related to any and all medical and/or other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants, and each of them; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                                               JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANT BRIDGEWATER

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

<u>MUNICIPAL LIABILITY</u>

58. Plaintiff incorporates by reference Paragraphs 1 through 57 as though fully set forth at length herein.

59. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendant Bridgewater for violations of Plaintiff's constitutional rights under color of law.

60. At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution, Plaintiff had the right to be free from the use of excessive force.

61. Defendant Bridgewater has a duty to properly train, control, and supervise its police officers.

62. By the failure to properly train, control and/or supervise the individual Defendants, Defendant Bridgewater created a substantial risk of the constitutional violations identified herein.

63. Defendant Bridgewater's failure to properly train, control and/or supervise its officers has led to a pattern and practice of improper, unlawful and malicious use of excessive force perpetrated by the individual Defendants.

64. Furthermore, Plaintiff believes, and therefore avers, that Defendant Bridgewater knew, or should have known, that Defendant Conley previously engaged in illegal, aggressive and excessive conduct substantially similar to that described hereinbefore above towards other citizens, which resulted in additional civil rights violations to those citizens.

65. As a direct result of the acts described hereinbefore above, perpetrated by the named

Defendant, Plaintiff suffered the following injuries and damages:

    a.    violation of Plaintiff's constitutional rights under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution;

    b.    extreme physical pain and suffering;

    c.    fright, horror and shock;

    d.    emotional trauma and suffering; and

    e.    economic damages related to any and all medical and/or other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Bridgewater, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANTS CONLEY AND SWIERKOSZ

VIOLATION OF PLAINTIFF'S<br>PENNSYLVANIA COMMON LAW RIGHTS

<u>ASSAULT AND BATTERY</u>

66.    Plaintiff incorporates by reference Paragraphs 1 through 65 as though fully set forth at length herein.

67.    Defendant Conley intentionally, willfully and maliciously repeatedly struck the Plaintiff in the head and face with his fists while the Plaintiff was in handcuffs, as more fully described hereinbefore above.

68. Plaintiff believes, and therefore avers, that he was tasered by Defendant Conley and/or Defendant Swierkosz while the Plaintiff was handcuffed.

69. The actions of Defendants Conley and Swierkosz were willful, deliberate and were done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendants to punitive damages.

70. As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendants Conley and Swierkosz, Plaintiff suffered the following injuries and damages:

   a. violation of Plaintiff's rights under the Common Law of Pennsylvania;

   b. extreme physical pain and suffering;

   c. fright, horror and shock;

   d. emotional trauma and suffering; and

   e. economic damages related to any and all medical and/or other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants Conley and Swierkosz in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the Defendants. and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

        Respectfully submitted,

        LAW OFFICES OF JOEL SANSONE

        <u>s/ Joel S. Sansone</u>
        Joel S. Sansone, Esquire
        PA ID No. 41008
        Massimo A. Terzigni, Esquire
        PA ID No. 317165
        Elizabeth A. Tuttle, Esquire
        PA ID No. 322888
        *Counsel for Plaintiff*

        Law Offices of Joel Sansone
        Two Gateway Center, Suite 1290
        603 Stanwix Street
        Pittsburgh, Pennsylvania 15222
        412.281.9194

Dated:  January 23, 2020