IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID MILEHAM, | ) | HONORABLE WILLIAM S. STICKMAN |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 2:20-cv-00116 |
| v. | ) | |
| | ) | |
| JEREMY CONLEY, an individual, and | ) | |
| NATHAN SWIERKOSZ, an individual, and | ) | |
| PAUL SMITH, an individual | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | Electronically Filed. |

SECOND AMENDED COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, DAVID MILEHAM, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Amended Complaint in a Civil Action as follows.

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiff's rights under the First and Fourth Amendments of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3). Supplemental jurisdiction over Plaintiff's state law claims is also proper pursuant to 28 U.S.C.A. § 1367.

4. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

PARTIES

5.      Plaintiff, David Mileham, is an adult individual who resides in Beaver County, Pennsylvania.

6.      Defendant, Jeremy Conley ("Conley"), is a United States citizen. Plaintiff believes, and therefore avers, that Defendant Conley is a resident of Beaver County, Pennsylvania. At all times relevant to this Complaint, Defendant Conley was a law enforcement officer employed by the Borough of Bridgewater, with offices located at 199 Boundary Lane, Bridgewater, Pennsylvania 15009, purporting to act within the full scope of his authority and office, and under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the Borough of Bridgewater.

7.      Plaintiff believes, and therefore avers, that Defendant Conley is now employed by another municipality in Beaver County, Pennsylvania as a law enforcement officer.

8.      Defendant, Nathan Swierkosz ("Swierkosz"), is a United States Citizen.  Plaintiff believes, and therefore avers, that Defendant Swierkosz is a resident of Beaver County, Pennsylvania. At all times relevant to this Complaint, Defendant Swierkosz was a law enforcement officer employed by the Borough of Bridgewater, with offices located at 199 Boundary Lane, Bridgewater, Pennsylvania 15009, purporting to act within the full scope of his authority and office, and under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the Borough of Bridgewater.

9.      Defendant, Paul Smith ("Smith"), is a United States Citizen.  Plaintiff believes, and therefore avers, that Defendant Smith is a resident of Beaver County, Pennsylvania. At all times relevant to this Complaint, Defendant Smith was a law enforcement officer employed as Chief of Police by the Borough of Bridgewater, with offices located at 199 Boundary Lane, Bridgewater, Pennsylvania 15009, purporting to act within the full scope of his authority and office, and under

color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the Borough of Bridgewater.

## FACTUAL ALLEGATIONS

10. Plaintiff performs regular maintenance work at Bridgewater Marina and Landings ("Marina"), located at 404 Brkich Way, Bridgewater, Pennsylvania 15009. The Marina's management allows the Plaintiff to dock his boat at its location.

11. Plaintiff is permitted access to the Marina, including the Marina's common areas, at all times. These common areas include, but are not limited to: the parking lot, docks, pavilion, garage and bathrooms.

12. On or about June 12, 2019, Plaintiff and a guest arrived at the Marina at or around 11:30 p.m. and boarded the Plaintiff's boat.

13. Shortly thereafter, Plaintiff left his boat and walked to the garage located in the Marina parking lot in order to retrieve a propane lighter.

14. At that time, Defendant Conley and Defendant Swierkosz approached the Plaintiff in a marked police vehicle in the Marina's parking lot.

15. Defendants remained in the vehicle while Defendant Conley asked Plaintiff for his name. Plaintiff complied with Defendant Conley's request and provided the Defendants with his first name.

16. Defendant Conley then asked for Plaintiff's last name. Plaintiff did not provide this information to the Defendants and instead walked away from the police vehicle toward the Marina's garage.

17. Plaintiff retrieved the propane lighter from the Marina's garage, departed the parking lot and boarded his boat.

18. During the above described interaction, Plaintiff did not act in a dangerous or threatening manner at any time.

19. Shortly thereafter, Defendant Conley and Swierkosz approached the Plaintiff's boat from the dock and boarded the Plaintiff's boat without Plaintiff's permission.

20. Plaintiff informed the Defendants that they were not permitted to be on his boat and requested that the Defendants leave the premises.

21. In response, without provocation or justification, Defendant Conley and/or Defendant Swierkosz deployed a Taser at the Plaintiff wherein one prong entered the Plaintiff's back.

22. Defendant Conley then grabbed the Plaintiff, forcefully pinned the Plaintiff to the floor and handcuffed the Plaintiff.

23. Plaintiff's guest was present on the Plaintiff's boat and witnessed Defendant Conley handcuff the Plaintiff.

24. Thereafter, Defendants moved Plaintiff to the back of Plaintiff's boat. Plaintiff believes, and therefore avers, Defendant Conley and/or Swierkosz tasered the Plaintiff in the back while Plaintiff remained handcuffed.

25. While Plaintiff remained handcuffed, Defendants removed the Plaintiff from his boat and forcefully threw the Plaintiff onto the dock.

26. At that time, without justification or provocation, Defendant Conley struck the Plaintiff in the face with his fist.

27. Defendant Swierkosz observed Defendant Conley's unnecessary and unlawful behavior and took no action to stop him, despite having the opportunity to do so.

28. Thereafter, Defendants Conley and Swierkosz aggressively and unnecessarily dragged the Plaintiff by his arms and legs, severely damaging Plaintiff's shoulders and back.

29.     Thereafter, without justification or provocation, Defendant Conley placed his body on top of the Plaintiff.

30.     Defendant Conley, without justification or provocation, violently and repeatedly struck the Plaintiff in the face and head with his fists.

31.     Again, Defendant Swierkosz observed Defendant Conley's unnecessary and unlawful behavior and took no action to stop him, despite having the opportunity to do so.

32.     Plaintiff remained handcuffed and lying down during Defendant Conley's unlawful assault, as described hereinbefore above.

33.     During this time, Plaintiff was not a threat to the Defendants and/or any other member of the community.

34.     Defendant Conley continued to violently and repeatedly beat the Plaintiff until the Plaintiff lost consciousness.

35.     Defendant Swierkosz again observed Defendant Conley's unnecessary and unlawful behavior and took no action to stop him, despite having the opportunity to do so.

36.     Defendant Conley's actions, as described hereinbefore above, caused significant injuries and damage to Plaintiff's head, eyes and face.

37.     As a direct and proximate result of the Defendants' conduct and Defendant Conley's assault on the Plaintiff, Plaintiff's eyes and face were swollen to the point that the Plaintiff was unable to see for approximately two (2) days thereafter.

38.     Furthermore, Plaintiff suffered, and continues to suffer, from numerous ongoing and long-lasting injuries as a direct and proximate result of the Defendants' conduct and Defendant Conley's unlawful assault on the Plaintiff.

39.     On or about January 23, 2020, Plaintiff filed the instant lawsuit, which included but was not limited to, claims of excessive force and assault and battery against Defendants Conley and Swierkosz.

40.     Defendant Smith was installed as the Borough of Bridgewater's Chief of Police in or about October of 2020.

41.     On or about February 3, 2021, Defendant Smith confronted the Plaintiff in the parking lot of Spanky D's Restaurant and Boat Yard Bar.  At that time, Defendant Smith threatened to charge the Plaintiff with various acts of criminal wrongdoing.

42.     Plaintiff was not engaged in any criminal misconduct, nor did Plaintiff act in a dangerous or threatening manner at any time during the above-described encounter.

43.     Plaintiff believes, and therefore avers, that Defendant Smith threatened Plaintiff with a baseless criminal prosecution in retaliation for the filing of the instant lawsuit.

44.     On that same date, Defendant Smith requested information from Plaintiff's mechanic regarding Plaintiff's business, Plaintiff's vehicles and Plaintiff's current projects.  Specifically, Defendant Smith requested information relating to a construction project Plaintiff had been contracted to fulfill in the Borough of Bridgewater.

45.     On or about February 4, 2021, Plaintiff was informed by his employer that Defendant Smith had ordered that this current project, as described hereinbefore above, immediately cease.

46.     Defendant Smith did not provide a reason for this stop work order.

47.     Plaintiff believes, and therefore avers, that no lawful reasons exist for the above-described stop work order.

48.     As a direct result of Defendant Smith's actions, Plaintiff is effectively barred from completing the construction job he was contracted to fulfill.  Furthermore, Plaintiff has, and will

continue to, suffer extreme financial losses as a direct result of Defendant Smith's interference in his business relationships, thereby implicating Plaintiff's future livelihood and his ability to conduct business in the Borough of Bridgewater.

49. Plaintiff believes, and therefore avers, that Defendant Smith intentionally interfered with Plaintiff's business relationships in retaliation for the filing of the instant lawsuit.

COUNT I:

PLAINTIFF v. ALL DEFENDANTS CONLEY AND SWIERKOSZ

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

<u>EXCESSIVE FORCE</u>

50. Plaintiff incorporates by reference Paragraphs 1 through 49 as though fully set forth at length herein.

51. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants Conley and Swierkosz for violations of Plaintiff's constitutional rights under color of law.

52. At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution, Plaintiff had the right to be free from excessive, unreasonable and unjustified force by Defendants Conley and Swierkosz.

53. Plaintiff believes, and therefore avers, that he was tasered by Defendant Conley and/or Defendant Swierkosz while the Plaintiff was handcuffed.

54. Defendant Conley unlawfully assaulted the Plaintiff while the Plaintiff remained handcuffed, as described more fully hereinbefore above.

55.     Defendant Swierkosz observed Defendant Conley's unnecessary and unlawful behavior and failed to intervene.  Defendant Swierkosz's failure to intervene caused the Plaintiff further injury.

56.     The excessive, unreasonable and unjustified force used by Defendants Conley and/or Swierkosz against the Plaintiff constituted a violation of Plaintiff's rights as guaranteed under the Fourth Amendment to the United States Constitution.

57.     At no time during the excessive and illegal conduct by Defendants Conley and Swierkosz was the Plaintiff an immediate threat to the safety of the Defendants or any other members of the community.

58.     At no time were the excessive actions of Defendants Conley and Swierkosz reasonable or warranted.

59.     Furthermore, the excessive and aggressive actions of Defendants Conley and Swierkosz directly resulted in the Plaintiff suffering severe and ongoing physical damage.  The Defendants' illegal and excessive conduct has directly caused the Plaintiff to suffer significant injuries.

60.     The actions of Defendants Conley and Swierkosz were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the Defendants to punitive damages.

61.     Defendants Conley and Swierkosz, and each of them, acted under the color of law and their actions constituted an arbitrary and unconscionable abuse of government authority.

62.     As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendants Conley and Swierkosz, Plaintiff suffered the following injuries and damages:

    a.     violation of Plaintiff's constitutional rights under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution;

    b.     extreme physical pain and suffering;

    c.    fright, horror and shock;

    d.    emotional trauma and suffering; and

    e.    economic damages related to any and all medical and/or other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants Conley and Swierkosz in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the Defendants. and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANTS CONLEY AND SWIERKOSZ

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>ASSAULT AND BATTERY</u>

63.    Plaintiff incorporates by reference Paragraphs 1 through 62 as though fully set forth at length herein.

64.    Defendant Conley intentionally, willfully and maliciously repeatedly struck the Plaintiff in the head and face with his fists while the Plaintiff was in handcuffs, as more fully described hereinbefore above.

65.    Plaintiff believes, and therefore avers, that he was tasered by Defendant Conley and/or Defendant Swierkosz while the Plaintiff was handcuffed.

66. The actions of Defendants Conley and Swierkosz were willful, deliberate and were done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendants to punitive damages.

67. As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendants Conley and Swierkosz, Plaintiff suffered the following injuries and damages:

    a.    violation of Plaintiff's rights under the Common Law of Pennsylvania;

    b.    extreme physical pain and suffering;

    c.    fright, horror and shock;

    d.    emotional trauma and suffering; and

    e.    economic damages related to any and all medical and/or other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants Conley and Swierkosz in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the Defendants. and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANT SMITH

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FIRST AMENDMENT
OF THE UNITED STATES CONSTITUTION

<u>RETALIATION</u>

68. Plaintiff incorporates by reference Paragraphs 1 through 67 as though fully set forth at length herein.

69.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendant Smith for violations of Plaintiff's constitutional rights under color of law.

70.     At all times relevant hereto, pursuant to the First Amendment to the United States Constitution, Plaintiff had the right to be free from retaliation for engaging in constitutionally protected activity.

71.     As described hereinbefore above, Plaintiff engaged in constitutionally protected activity when he filed a lawsuit alleging numerous claims of unlawful behavior on the parts of the Defendants Conley and Swierkosz.

72.     Plaintiff's right to be free from retaliation for engaging in protected activity was violated by Defendant Smith when he threatened the Plaintiff with a baseless criminal prosecution and when he interfered with Plaintiff's business relationships and livelihood.

73.     Defendant Smith's actions deprived Plaintiff of rights guaranteed to him by the First Amendment to the United States Constitution.

74.     Defendant Smith's actions were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendant Smith to punitive damages.

75.     As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendant Smith, Plaintiff suffered the following injuries and damages:

    a.     Plaintiff's right under the First Amendment to the United States Constitution to be free from retaliation was violated;

    b.     Plaintiff suffered irreparable damage to his reputation;

    c.     Plaintiff suffered emotional distress; and

    d.     Plaintiff suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Smith in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Smith. and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF v. DEFENDANT SMITH

VIOLATION OF PLAINTIFF'S PENNSYLVANIA
COMMON LAW RIGHTS

<u>TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP</u>

76. Plaintiff incorporates by reference paragraphs 1 through 75 as though fully set forth at length herein.

77. As described hereinbefore above, Defendant Smith wrongfully and intentionally interfered with Plaintiff's contractual relationships by ordering the Plaintiff to immediately stop work for no lawful reason.

78. Defendant Smith was aware of Plaintiff's business relationships, as described above, and intentionally and unlawfully acted in a manner designed to interfere with those relationships, as described hereinbefore above.

79. The actions of Defendant Smith were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendant Smith to punitive damages.

80. As a direct and proximate result of Defendant Smith's actions, Plaintiff suffered the following injuries and damages:

    a. violation of Plaintiff's rights under Pennsylvania Common Law;

    b.    irreparable damage to his reputation;

    c.    economic damages related to any and all loss of business; and

    d.    other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Smith in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Smith. and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                            JURY TRIAL DEMANDED

                                        Respectfully submitted,

                                        LAW OFFICES OF JOEL SANSONE

                                        s/ Joel S. Sansone
                                        Joel S. Sansone, Esquire
                                        PA ID No. 41008
                                        Massimo A. Terzigni, Esquire
                                        PA ID No. 317165
                                        Elizabeth A. Tuttle, Esquire
                                        PA ID No. 322888
                                        *Counsel for Plaintiff*

                                        Law Offices of Joel Sansone
                                        Two Gateway Center, Suite 1290
                                        603 Stanwix Street
                                        Pittsburgh, Pennsylvania 15222
                                        412.281.9194

Dated: February 5, 2021