IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MILEHAM,<br><br>    *Plaintiff*,<br><br>v.<br><br>JEREMY CONLEY,<br><br>    *Defendant*. | Civil Action No. 2:20-cv-116<br><br>Hon. William S. Stickman IV |

## MEMORDANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

  Before the Court is Plaintiff David Mileham's ("Mileham") Post Trial Motion for New Trial Pursuant to Federal Rule of Civil Procedure 59. (ECF No. 227). Mileham's motion comes after a jury issued a verdict finding that Defendant Jeremy Conley ("Conley") did not inflict excessive force upon Mileham contrary to the Fourth Amendment or batter him pursuant to Pennsylvania law. (ECF No. 222). Mileham argues that he is entitled to a new trial because the Court erred by declining to fashion and provide the jury with an instruction specifically stating that "the force used by an officer can be disproportionate to the conduct implicated by an individual's underlying conviction, even in cases involving resisting arrest." (ECF No. 227, p. 3). Mileham claims that the Court's failure to provide this instruction "created a substantial risk of confusion" for the jury. (*Id.* at p. 4). For the following reasons, Mileham's motion will be denied.

  **II.**  **STANDARD OF REVIEW**

  Mileham has brought his motion pursuant to Federal Rule of Civil Procedure ("Rule") 59, which provides, in relevant part:

> (1) ***Grounds for New Trial.*** The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:
>
>> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court;

FED. R. CIV. P. 59(a)(1)(A) (emphasis in original). The ordering of a new trial pursuant to Rule 59 is within the sound discretion of the district court. *Wagner v. Fair Acres Geriatric Ctr.*, 49 F.3d 1002, 1017 (3d Cir. 1995). When the basis for the motion under Rule 59 is an alleged error concerning the Court's evidentiary rulings or jury instructions—matters firmly entrusted to the discretion of the trial court—a district court must first determine whether an error was made during the course of the trial, and then determine "whether that error was so prejudicial that refusal to grant a new trial would be 'inconsistent with substantial justice.'" *Bhaya v. Westinghouse Elec. Corp.*, 709 F. Supp. 600, 601 (E.D. Pa. 1989) (quoting FED. R. CIV. P. 61), *aff'd*, 922 F.2d 184 (3d Cir. 1990). Whether any error committed by the district court was harmless is governed by Rule 61. Thus, "[u]nless a substantial right of the party is affected," a non-constitutional error in a civil case is harmless. *Linkstrom v. Golden T. Farms*, 883 F.2d 269, 269 (3d Cir. 1989). "Absent a showing of 'substantial' injustice or 'prejudicial' error, a new trial is not warranted, and it is the court's duty to respect a plausible jury verdict." *Montgomery County v. MicroVote Corp.*, 152 F. Supp. 2d 784, 795 (E.D. Pa. 2001) (internal citations omitted).

Where a movant contends that a court's jury instructions were erroneous, the district court "must determine whether, taken as a whole, the instruction properly appraised the jury of the issues on the applicable law." *Donlin v. Philips Lighting North Am. Corp.*, 581 F.3d 73, 78 (3d Cir. 2009) (internal citations omitted). It must look at the totality of the charge given to the jury, not merely a particular paragraph or sentence. *See In re Braen*, 900 F.2d 621, 626 (3d Cir. 1990) (citing *United States v. Piccolo*, 835 F.2d 517, 520 (3d Cir. 1987)), *abrogated on other grounds*. It is

well-established that jury instructions are within the sound discretion of the district court and that the district court should be reversed "only if the instruction was capable of confusing and thereby misleading the jury." *United States v. Rockwell*, 781 F.2d 985, 991 (3d Cir. 1986) (quoting *United States v. Fischbach and Moore, Inc.*, 750 F.2d 1183, 1195 (3d Cir. 1984)).

## II.  ANALYSIS

### A.  Mileham preserved his objection to the Court's jury charge.

Mileham argues that the Court erred in rejecting his request for a specific jury instruction "that the use of force used by an officer can be disproportionate to the conduct implicated by an individual's underlying conviction, even in cases involving resisting arrest." (ECF No. 227, p. 3). Conley contends that Mileham waived this objection for failure to request such an instruction. Whether Mileham preserved his objection is a threshold issue for the Court to determine before examining the substance of Mileham's motion.

Mileham cites to the parties' joint proposed jury instructions (ECF No. 182) to support his contention that he requested the instruction at issue. However, Mileham did not expressly request a charge addressing resisting arrest in that submission. In fact, Conley requested an instruction entitled "Resisting an Arrest Made by a Police Officer," to which Mileham objected. (ECF No. 182, p. 8). The issue of proportionality was raised by Mileham in his objection, but not as part of an affirmative request for an instruction.[1] Mileham also raised the issue of proportionality of force in response to Conley's proposal for a specific charge on "Disorderly Conduct."[2] (*Id.* at 26). But again, he did not affirmatively request some alternate charge including the issues of proportionality he complains of here.

---

[1]  The Court, ultimately, rejected the charge proposed by Conley.

[2]  The Court also rejected this proposal.

3

At the Court's final charge conference, Mileham requested a charge relating to the amount of force used in effectuating an arrest where there is resistance. Citing to the objection lodged at ECF No. 182, discussed above, counsel stated:

> At that time, Your Honor, plaintiff indicated that it was our position that we had been requesting from the court to include certain language to make it clear to the jury that even if they found that Mr. Mileham had, in fact, resisted arrest by Officer Conley, which we are, of course, disputing, but in the event that they do find that, we ask that the court include an instruction relating to even if a subject does resist arrest, that doesn't mean that any force necessary may be used upon that suspect. And we provided the Court with some case law supporting that position.

(Unpublished Rough Draft of Trial Transcript, Excerpt from 09/13/24 Charge Conference, p. 3). After the Court rejected the proposal, counsel "noted" Mileham's objection. (*Id.* at p. 4). The Court holds that this request, at the charge conference, was sufficient to preserve the issue that Mileham raises in his motion.

**B.  The Court did not err in denying the requested instruction.**

The critical question in determining whether the Court erred in not providing the instruction requested by Mileham is whether the charge, as delivered by the Court, "taken as a whole, . . . properly appraised the jury of the issues on the applicable law." *Donlin*, 581 F.3d at 78 (internal citations omitted). A jury charge will only be deemed erroneous if it confused or misled the jury. *Rockwell*, 781 F.2d at 991. The Court has reviewed the instructions that it delivered and holds that they were legally sufficient. The omission of the specific instruction Mileham requested did not serve to misinform the jury regarding the law. The jury instructions were not misleading or confusing.

The Court's charge, as to the use of force, stated:

> In determining whether Mr. Conley's acts constituted excessive force, you must ask whether the amount force Mr. Conley used was the amount which a reasonable police officer would have used in making the arrest or conducting a stop under similar circumstances. You should consider all the relevant facts and circumstances

4

(leading up to the time of the stop and arrest) that Mr. Conley reasonably believed to be true at the time of the stop and arrest. *You should consider those facts and circumstances in order to assess whether there was a need for the application of force, and the relationship between that need of force and, if any, the amount of force applied.* The circumstances relevant to this assessment can include:

- *the severity of the crime at issue*;
- whether Mr. Mileham posed an immediate threat to the safety of Mr. Conley, or others;
- the possibility that Mr. Mileham was armed;
- *whether Mr. Mileham was actively resisting arrest or attempting to evade arrest by flight*;
- the duration of one or more of Mr. Conley's actions;
- *whether the physical force applied was of such an extent as to lead to unnecessary injury.*

The reasonableness of Mr. Conley's acts must be judged from the perspective of a reasonable police officer on the scene. The law permits a police officer to use the degree of force necessary to make the arrest. However, not every push or shove by a police officer, even if it later seems unnecessary in the peace and quiet of this courtroom, constitutes excessive force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgements in circumstances that can be tense, uncertain, and rapidly evolving.

(ECF No. 208, pp. 19-20) (emphasis added). The Court first notes that this instruction was based on the Third Circuit Model Instruction for excessive force claims. *See* Third Circuit Model Civil Jury Instruction § 4.9, Section 1983—Excessive Force. While the model jury instructions are not infallible, they have been found to be reliable to the extent that the United States Court of Appeals for the Third Circuit is hesitant to find that their use constitutes error. *See United States v. Brown*, 658 F. App'x 100, 104 (3d Cir. 2016) (quoting *United States v. Petersen*, 622 F.3d 196, 208 (3d Cir. 2010) ("We have a hard time concluding that the use of our own model jury instruction can constitute error . . . .")). The Court is likewise hesitant to hold that it erred in providing its instruction. In the context of the case, it fully and accurately apprised the jury of the applicable law. The Court holds that nothing in its instruction can be said to have confused or misled the jury.

5

The instruction that Mileham sought during the charge conference was one that stated that "even if a subject does resist arrest, that doesn't mean that any force necessary may be used upon that suspect." (Unpublished Rough Draft of Trial Transcript, Excerpt from 09/13/24 Charge Conference, p. 3). His motion faults the Court for its "failure to include an instruction that the force used by an officer can be disproportionate to the conduct implicated by an individual's underlying conviction." (ECF No. 227, p. 3). The instruction provided by the Court fully addressed the concern underlying Mileham's proposed instruction and claim of error—proportionality. The instruction that the Court provided to the jury is an accurate statement of the law. It did not suggest that an officer can apply any amount of force to a resisting suspect. Rather, it specifically instructed the jury to consider the totality of the circumstances between Conley and Mileham and "to assess whether there was a need for the application of force, and the relationship between that need of force and, if any, the amount of force applied." (ECF No. 208, p. 19). Moreover, the Court instructed the jury that factors that they may consider in determining whether the force used by Conley was excessive included: "the severity of the crime at issue;" "whether Mr. Mileham was actively resisting arrest or attempting to evade arrest by flight;" "whether the physical force applied was of such an extent as to lead to unnecessary injury." (*Id.* at 19-20). The Court provided an accurate statement of law. It included the very considerations that Mileham requested and now complains were omitted—considerations relating to the severity of the underlying claim, and whether the amount of force used by Conley was proportional in context or, rather, led to unnecessary injury. The instruction provided by the Court was more fulsome with respect to the applicable law than that suggested by Mileham—which focused on only certain, select, considerations for the jury to consider in its assessment of the use of force.

### III.  CONCLUSION

The Court holds that the jury instruction it provided was legally accurate and neither confusing nor misleading. Mileham may have preferred a different instruction, but a party does not have the right to any particular jury instruction. The Court did not err in charging the jury. It need not, therefore, examine whether any error was harmless. The Court will deny Mileham's post trial motion by Order of Court to follow.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

12/16/24
Date